**STATE of Minnesota, Respondent,**

v.

**Robert J. DEANS, Appellant.**

**No. C8–83–682.**

Supreme Court of Minnesota.

Oct. 26, 1984.

C. Paul Jones, Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Norman B. Coleman, Jr., Paul R. Kampainen, Asst. Attys. Gen., St. Paul, Robert Kelly, Washington County Atty., Stillwater, for respondent.

WAHL, Justice.

Defendant, an inmate at the prison in Stillwater, was found guilty by a district court jury of theft by swindle, Minn.Stat. § 609.52, subds. 2(4) and 3(2) (1982), for wrongfully causing the inmate accounting department to withdraw $500 from the account of another inmate without that inmate's permission and send it by check to a third party outside the prison. The trial court sentenced defendant to the then-presumptive sentence for the offense (severity level III) by a person with defendant's criminal history score (V), an executed concurrent prison term of 27 months. On this appeal, defendant seeks (1) an outright reversal of his conviction because the evidence of his guilt was legally insufficient or (2) a new trial because the trial court prejudicially erred in refusing to admit evidence of other criminal activity by the state's key witness, a fellow prisoner who defendant claimed committed the instant crime. We affirm.

1. The evidence was legally sufficient to sustain defendant's conviction.

2. Pursuant to *State v. Hawkins*, 260 N.W.2d 150 (Minn.1977), defendant was properly permitted to attempt to show that a fellow inmate, not he, committed the crime. He contends, however, that the trial court erroneously excluded other-crime evidence relevant to the issue of whether this inmate committed the offense.

Minn.R.Evid. 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

If, as here, the conduct of a third party (including a principal witness against the defendant) is an issue and if the evidence of "other crimes, wrongs, or acts" by the third party is not offered to prove the third party's character as a basis for an inference as to his conduct but instead is offered to prove the conduct of the third party without any need to infer his character, then the evidence is admissible. 22 C. Wright & K. Graham, Federal Practice and Procedure—Evidence § 5239 (1978). We agree with defendant that the other-crime evidence was admissible in this case under the rule. However, the trial transcript (which apparently does not contain all the discussion by court and counsel on this issue) does not establish that the trial court completely barred defendant from proving the other criminal activity took place. Indeed, one defense witness testified as to the other criminal activity by the state's witness who defendant contended committed the charged crime. If it is true that the trial court erroneously barred another defense witness from testifying similarly, that error was clearly nonprejudicial under the circumstances.

In summary, we believe that defendant received a fair trial and was properly convicted of theft by swindle.

Affirmed.